UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LUIS DIAZ,<br>    Plaintiff,<br><br>v.<br><br>CONNECTICUT LIGHT AND<br>POWER COMPANY,<br>    Defendant. | CIVIL ACTION NO.<br>3:13-CV-00775 (JCH)<br><br><br><br>MARCH 10, 2014 |

**RULING RE: DEFENDANT'S PARTIAL MOTION TO DISMISS (Doc. No. 10)**

**I.   INTRODUCTION**

Defendant Connecticut Light and Power Company ("CL&P") moves to dismiss the Third Count of the Complaint of the plaintiff, Luis Diaz.  The Connecticut Light and Power Company's Partial Motion to Dismiss (Doc. No. 10) at 1.  CL&P contends that plaintiff's retaliation claim under Title VII must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because it fails to state a claim upon which relief can be granted.  CL&P's Partial Motion to Dismiss is **DENIED**.

**II.   FACTUAL BACKGROUND**

On or about May 6, 2011, CL&P hired Luis Diaz under a six-month, temporary contract to work in the field and disconnect meters.  Complaint ("Compl.") ¶¶ 12, 13, 14.  Diaz would report to the CL&P Hartford Department.  Id. at 17.  While employed by CL&P, Diaz applied for a full-time position as a meter installer mechanic helper on or about July 27, 2011.  Id. at ¶¶ 19, 21.  CL&P decided not to interview Diaz for the position.  Id. at 22.  Diaz alleges that he was informed that he was not interviewed due to a lack of room.  Id. at ¶ 27.  Diaz claims that another Hispanic applicant for the position was also denied an interview and that the temporary employees interviewed for

1

the position were Caucasian. Id. at ¶¶ 23, 24. Diaz asserts that, on or about October 6, 2011, he complained to CL&P that he was "denied the interview on the basis of race" and that the company did not "substantively respond" to his complaint. Id. at ¶¶ 28, 29. Diaz further alleges that, "[i]n December 2011, [CL&P] re-hired certain temporary employees that were similarly situated to [him]," but CL&P did not rehire him. Id. at ¶¶ 30, 31. Diaz also claims that, in February 2012, he applied for job openings at CL&P, for which he was qualified, and did not receive a response from the company. Id. at ¶¶ 33, 34, 35. Diaz maintains that "less qualified and/or less experienced individuals were hired in lieu of [him]." Id. at ¶ 36. On April 12, 2012, Diaz filed a claim with the Equal Employment Opportunity Commission ("EEOC") and received a notice of right to sue. Id. at ¶ 37.

### III.    STANDARD OF REVIEW

In order to withstand a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 556). The court takes the factual allegations of the complaint as true and construes the complaint in favor of the plaintiff. Fulton v. Goord, 591 F.3d 37, 41 (2d Cir. 2009).

**IV.     DISCUSSION**

Title VII states that "'[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because [the employee] has opposed any practice made an unlawful employment practice by' Title VII." Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp., 136 F.3d 276, 291 (2d Cir. 1998); see also 42 U.S.C. § 2000e-3(a).  In order to establish a prima facie case of retaliation in violation of Title VII, a plaintiff is required to demonstrate that: "(1) [he] engaged in a protected activity; (2) h[is] employer was aware of this activity; (3) the employer took adverse employment action against h[im]; and (4) a causal connection exists between the alleged adverse action and the protected activity." Schiano v. Quality Payroll Sys., Inc., 445 F.3d 597, 608 (2d Cir. 2006) (citing Treglia v. Town of Manlius, 313 F.3d 713, 719 (2d Cir. 2002)).

Participation in a "protected activity" does not require the plaintiff to "establish that the conduct she opposed was actually a violation of Title VII." Galdieri-Ambrosini, 136 F.3d at 292.  The plaintiff "need only 'have had a good faith, reasonable belief that [he] was opposing an employment practice made unlawful by Title VII.'" Kelley v. Sun Microsystems, Inc., 520 F. Supp. 2d 388, 403 (D. Conn. Nov. 8, 2007) (quoting Kessler v. Westchester County Dep't of Soc. Servs., 461 F.3d 199, 210 (2d Cir. 2006) (internal quotation marks omitted).  Furthermore, the Second Circuit has held that "implicit in the requirement that the employer have been aware of the protected activity is the requirement that it understood, or could reasonably have understood, that the plaintiff's opposition was directed at conduct prohibited by Title VII." Galdieri-Ambrosini, 136 F.3d at 292; see also Kelley, 520 F. Supp. 2d at 403.  The Second Circuit has also held that "'[a]dverse employment actions include discharge, refusal to hire, refusal to promote, demotion, reduction in pay, and reprimand.'" Hoyt v. Andreucci, 433 F.3d 320, 328 (2d

3

Cir. 2006) (quoting <u>Phillips v. Bowen</u>, 278 F.3d 103, 109 (2d Cir.2002)). Finally, despite a lack of direct evidence of causation, "a plaintiff can indirectly establish a causal connection to support a discrimination or retaliation claim by 'showing that the protected activity was closely followed in time by the adverse [employment] action.'" <u>Gorman-Bakos v. Cornell Co-op Extension of Schenectady Cnty.</u>, 252 F.3d 545, 554 (2d Cir. 2001) (quoting <u>Reed v. A.W. Lawrence & Co.</u>, 95 F.3d 1170, 1178 (2d Cir.1996)). While the Second Circuit has not established a bright line rule for determining whether the retaliatory conduct is too attenuated temporally from the plaintiff's protected activity to be causally connected, the Second Circuit has previously considered five months as sufficient to support the inference of a causal relationship. <u>See</u> <u>id.</u> at 554-55.

Diaz has pled facts sufficient to plausibly allege the elements of a retaliation claim on the basis of his participation in a Title VII "protected activity." <u>Schiano</u>, 445 F.3d at 608. He has satisfied the first and second elements of the <u>Schiano</u> test. Diaz alleges that, "[o]n or about October 6, 2011, [he] complained to the defendant that he was denied the interview on the basis of race." Compl. at ¶ 28. While CL&P argues that the "Complaint is devoid of any facts that plaintiff complained to Defendant that he was not interviewed based upon his national origin," Memorandum of Law In Support of Defendant's Partial Motion to Dismiss (Doc. No. 10-1) at 4, Diaz is only required to allege facts sufficient to plausibly allege that he engaged in a Title VII "protected activity." <u>Schiano</u>, 445 F.3d at 608. Therefore, despite the fact that Diaz pled that the "[d]efendant retaliated against [him] for complaining about race and/or national origin discrimination," Compl. at ¶ 51, the court reads paragraph 51 of the Complaint as Diaz pleading that CL&P retaliated against him for generally complaining about an

employment practice that Diaz reasonably believed violated Title VII.  Moreover, although Diaz does not specifically plead to whom these complaints were made, the court infers that he complained to someone at CL&P's Hartford department, based upon Diaz's claim that, "[w]hile employed by the defendant, [he] would report to defendant's Hartford department."  Id. at ¶ 17.[1]

Furthermore, the third prong is met as Diaz alleges that CL&P "did not rehire [him] in December 2011," id. at ¶ 31, after "defendant re-hired certain temporary employees that were similarly situated to plaintiff," Id. at ¶ 30.  Diaz also claims that he "did not receive a response from" CL&P, id. at ¶ 34, in February 2012 after he had applied for job openings at CL&P, id. ¶ 33.

Lastly, the two-month period from Diaz's complaint to CL&P's decision not to rehire him and the five-month period between Diaz's complaint and CL&P's decision not to interview him are sufficiently brief to allege plausibly a prima facie showing of causation indirectly through temporal proximity.  See Gorman-Bakos, at 555.

## V.   CONCLUSION

For the reasons set forth above, the court **DENIES** CL&P's Partial Motion to Dismiss (Doc. No. 10).

**SO ORDERED.**

Dated at New Haven, Connecticut this 10th day of March, 2014.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge

---

[1] Although CL&P cites to Maroney v. Waterbury Hosp., 3:10-CV-1415 JCH, 2011 WL 1085633 (D. Conn. Mar. 18, 2011) in support of its argument, this case is clearly distinguishable.  Unlike the plaintiff in Maroney, Diaz provides the date of his complaint and its content.  See 3:10-CV-1415 JCH, 2011 WL 1085633, at *2; Compl. at ¶28.

5